# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed July 5, 1905.

ANN M. DENMEAD
VS.
JOHN H. DENMEAD.

*T. C. Ruddell* for plaintiff.
*N. Irvin Gressitt* for defendant.

DENNIS, J.—

The sole question presented by this petition is whether the court can enforce by attachment for contempt, an allowance of alimony to the wife provided for in a final decree divorcing the parties *a mensa et thoro*.

When the question was first presented in this case, I informed counsel that I had understood that the late Judge Grason, of our Court of Appeals, had, at Towson, upon a precisely similar question, raised in habeas corpus proceedings, ruled adversely to the right to proceed by attachment, because it would violate the constitutional inhibition against imprisonment for debt; and that I should feel bound to follow his decision if it was as I understood it to have been.

But upon investigation no record of any such decision can be found, and investigation by counsel has satisfied me that the somewhat general impression of such ruling was confused with his ruling upon the imprisonment of sureties on a bail bond.

As no other State authority has been cited to me, I therefore view the question as an open one, and as such I have no hesitation, upon the general authorities and upon principle, in expressing the opinion that an attachment for contempt *will* lie to enforce the payment of alimony provided for by final decree in a divorce *a mensa et thoro*, as fully as if it was for the enforcement of payment of alimony *pendente lite*. I can see no reason for a distinction so far as the remedy goes in the two cases; nor do I find that any authority that has been cited makes such distinction. A decree for alimony *pendente lite*, has never been treated as a mere debt and within the meaning of the constitutional inhibition, nor do I find that a decree for alimony in a divorce *a mensa et thoro* has ever been regarded than as standing upon any different footing.

In the late case of Wetmore *vs.* Markoe, 172 U. S., the subject is fully discussed and the difference between a decree for money as alimony and an ordinary debt clearly shown. I am of the opinion therefore, that in this case an order for attachment will lie.